IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL LEIVA, | No. C 09-0652 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits. Petitioner has filed a traverse. For the reasons set forth below, the petition for a writ of habeas corpus is **DENIED**.

## STATEMENT

In 1991, petitioner was sentenced to a term of fifteen years to life in prison following his conviction for second-degree murder. This petition challenges the denial of parole in 2007 by the California Board of Parole Hearings ("Board"). Petitioner challenged the Board's decision in habeas petitions filed in all three levels of the California courts. The Tulare County Superior Court denied the petition in an explained opinion (Pet. Ex. A). The California Court of Appeal and the Supreme Court of California issued summary denials (Pet. Exs. B, C).

**ANALYSIS**

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Ibid.*

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  In this case, the last reasoned opinion is that of the Tulare County Superior Court denying petitioner's habeas petition (Pet. Ex. A).

**B.    ISSUES PRESENTED**

As grounds for federal habeas relief, petitioner asserts that the denial of parole violated his due process rights because there was not "some evidence" that he would be a present danger to society if released.

The Due Process Clause does not, by itself, entitle prisoners to release on parole in the absence of some evidence of their current dangerousness.  *Hayward v. Marshall*, 603 F.3d 546, 555, 561 (9th Cir. 2010) (en banc).  Under California law, however, "some evidence" of current dangerousness is required in order to deny parole.  *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th 1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)).  This requirement gives California prisoners a liberty interest protected by the federal constitutional guarantee of due process in release on parole in the absence of "some evidence" of their current dangerousness.  *Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing *Hayward*, 603 F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th Cir. May 24, 2010) (citing *Hayward*, 603 F.3d at 561-64).

When a federal habeas court in this circuit is faced with a claim by a California prisoner that their right to due process was violated because the denial of parole was not supported by

3

"some evidence," the court "need only decide whether the California judicial decision approving" the denial of parole "was an 'unreasonable application'[] of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip op. at 15.

California's "some evidence" requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1210-14); *see also Cooke*, slip op. at 16-18 (describing California's "some evidence" requirement). Under California law, "the aggravated nature of the crime does not in and of itself provide some evidence of *current* dangerousness to the public unless the record also establishes something in the prisoner's pre- or postincarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative of the statutory determination of a continuing threat to public safety." *Lawrence*, 44 Cal.4th at 1214 (emphasis in original); *see Hayward*, 603 F.3d at 562 (same); *Cooke*, slip op. at 18 (same).

The commitment offense was brutal and endangered the lives of various people in addition to the victim. Petitioner shot the victim in a motel room because he was angry that he had lost his heroin, threatened to kill another woman, grabbed a third woman by the throat and ordered her to lick the blood off his hands, and fired his gun another time as a fourth person ran away from the scene (Pet. Ex. D at 17-19). In addition to the commitment offense, petitioner had a criminal history that included violent crimes. In the five years between his arrival in this country from Honduras in 1986 and the commitment offense, petitioner was convicted of

4

1  obstructing a police officer, burglary, and domestic violence (*id.* at 22). Petitioner received
2  probation twice, and both times he violated his probation by committing crimes, including the
3  commitment offense, during the probationary period (*ibid.*).

4  Even aside from petitioner's commitment offense and prior criminal record, there was
5  evidence of a risk of danger to the public if petitioner were released on parole. While in prison,
6  petitioner had a good disciplinary record and significant participation in vocational programs,
7  but he had neither completed his GED nor participated in any self-help programs beyond
8  Alcoholics Anonymous ("AA") (*id.* at 36, 40-44). Moreover, his participation in AA, though
9  apparently lengthy, was of limited benefit as he could not identify more than one of the
10 program's twelve steps at his parole hearing (*id.* at 44-45). This fact was particularly
11 significant to petitioner's current dangerousness because there was evidence that petitioner's
12 drinking and drug use played a significant role in his commitment offense and prior crimes (*id.*
13 at 17-20, 27-28). A psychologist who examined petitioner concluded that he continues to have
14 a "serious" drug and alcohol problem, and that if released he would not remain sober and
15 consequently there was a "high probability" that he would again be aggressive and violent in
16 connection with abusing drugs and alcohol (*id*. at 52-55). This opinion constituted "some
17 evidence" of petitioner's current dangerousness notwithstanding the contrary opinion of a
18 different psychologist who thought petitioner did not present a risk of danger to the community
19 if released (*id.* at 56-58).

20 Based on the record of the hearing before the Board, the superior court could reasonably
21 conclude that there was "some evidence" of petitioner's current dangerousness notwithstanding
22 the fact that seventeen years had passed since the commitment offense. There was evidence in
23 petitioner's "pre-incarceration behavior," specifically other violent crimes and failing at
24 probation, his "post-incarceration" record, specifically his inadequate participation in AA and
25 other self-help and educational programs, and his mental state, specifically one psychologist's
26 assessment that he should not be released because he posed a high risk of relapsing into
27 substance abuse and becoming violent, that indicated "that the implications regarding the
28 prisoner's dangerousness that derive from his [] commission of the commitment offense remain

5

probative of the statutory determination of a continuing threat to public safety." *See Lawrence*, 44 Cal. 4th at 1214.

As a consequence, the state court decisions upholding the denial of parole reasonably applied California's "some evidence" requirement and reasonably determined the facts in light of the evidence in the record. *See Hayward*, 603 F.3d at 563. Therefore, the state courts' denial of his federal due process claims was neither contrary to nor an unreasonable application of federal law, and petitioner is not entitled to habeas relief.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June  17 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\LEIVA0652.RUL.wpd